JUSTICE NELSON,
concurring.
¶43 I concur in the Court’s Opinion on the facts presented here. It is especially troubling to me that MPERA failed to notify Erene of her right to appeal the agency’s denial of her challenge to David’s change of beneficiary and that MPERA effectively stampeded Erene into applying for benefits. Opinion, ¶¶ 7,17-19. It is equally troubling that MPERA obtained actual knowledge of the restraining order before any benefits were paid, yet went ahead and commenced paying benefits pursuant to David’s change of beneficiary with the knowledge that the change was being challenged. Opinion, ¶ 33. Given the agency’s knowledge of the restraining order, of Erene’s challenge, and of the legal questions of first impression at issue, it seems to me that MPERA, taking a conservative approach, could have worked through the court system to reach a temporary, and ultimately final, disposition of this matter that would have protected the interests of both Erene and the agency. Under the circumstances described above, it is difficult not to conclude that MPERA was the author of its own problems.
¶44 I believe the Court’s legal analysis is sound and achieves the correct result in this case. I am somewhat reluctant, however, to extrapolate beyond that for several reasons. First, this is a case of first *162 impression and, as noted, the facts here militate in Erene’s favor. Our jurisprudence will necessarily have to develop on a case-by-case basis, consistent with the facts and how, if at all, the Legislature addresses these sorts of situations. Second, it is important to acknowledge that in many dissolution cases, the public employee’s retirement benefit may be the only significant asset in the marital estate. Accordingly, it is vital that this asset be properly distributed according to whatever law applies under the circumstances. Third, this case also demonstrates the need for the Legislature to amend the statutes in Titles 40 and 19, MCA, to deal with situations such as that presented here and other cases where the member changes beneficiaries in violation of a temporary restraining order. In this regard, and in fairness to MPERA, such statutory amendments should require that where a member is involved in a dissolution proceeding, any temporary restraining order similar to the one in this case must be, upon issuance, contemporaneously served on the agency and provide that the agency be allowed to intervene in the proceedings to the extent necessary to resolve any dispute in the distribution of the member’s retirement benefits.
¶45 With those caveats and suggestions, I concur.